# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV141
## (1:04CR18)

| | |
|---|---|
| JONATHAN LEE SHULL, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed April 8, 2008; the Government's answer and motion for summary judgment, filed August 20, 2008; and Petitioner's reply filed October 23, 2008.

For the reasons stated below, the Government's motion for summary judgment is granted and Petitioner's motion is denied and the action dismissed.

## I. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the Government to respond. The Court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such directive, the Court has reviewed of the materials submitted by the parties herein along with the record of criminal proceedings, and it plainly appears the Petitioner is not entitled to any relief on his claims. An evidentiary hearing is, therefore, not required. **Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)**.

## II. FACTUAL AND PROCEDURAL HISTORY

On October 6, 2003, Petitioner was charged in two separate bills of indictment with committing two bank robberies; the first robbery occurred on July 19, 2002, in Polkville, North Carolina (Criminal No. 1:03CR88), and

the second bank robbery occurred September 8, 2003, in Candler, North Carolina (Criminal No. 1:03CR89).  Pursuant to a plea agreement with the Government, Petitioner pled guilty to both robberies on December 31, 2003.

On February 19, 2004, the United States Attorney in the Eastern District of Tennessee filed a bill of information alleging that Petitioner robbed another bank in Lenoir City, Tennessee, on September 2, 2003.  **Bill of Information, *attached to* Clerk's Letter of Transfer, filed March 3, 2004 (Criminal No. 1:04CR18).**  Thereafter, Petitioner consented to a Rule 20 transfer of that case to this District and waived prosecution by indictment.  **Consent to Transfer, *attached to* Clerk's Letter of Transfer, *supra*; Waiver of Indictment, filed March 10, 2004;** *see also*, **Fed. R. Crim. P. 20**.  Petitioner appeared with counsel before the Magistrate Judge on March 10, 2004, and entered his guilty plea to this charge.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed March 10, 2004**.  The three cases were consolidated for sentencing.  While awaiting sentencing, the Petitioner escaped from the McDowell County Detention Center on May 7, 2004, but was captured the next day.  **Presentence Investigation Report, prepared June 4, 2004, ¶ 16.**

In calculating Petitioner's offense level, the probation officer determined that for each of the bank robbery charges, Petitioner had a base offense level of 20. *Id*. ¶¶ **21, 28, 35.** Two additional points were assessed for each charge due to the fact that property of a financial institution had been taken. *Id*. ¶¶ **22, 29, 36.** Another two points were added to the charges involving the North Carolina bank robberies due to the fact that Petitioner possessed a firearm which he used to threaten bank personnel; a six point enhancement was assessed for the Tennessee bank robbery in view of the bank teller's testimony that the Petitioner "displayed and pointed" a firearm at her. *Id*. ¶¶ **23, 30, 37.** Two points for each charge were also added as an "Adjustment for Obstruction" due to Petitioner's escape from custody. *Id*. ¶¶ **26, 33, 41.** One additional point was assessed for the Tennessee bank robbery to account for the bank's monetary loss in excess of $10,000. *Id*. ¶ **38.** Therefore, Petitioner's adjusted base offense level was 26 for each of the North Carolina bank robberies and 31 for the Tennessee bank robbery. *Id*. ¶¶ **27, 34, 42.** Applying the multiple count adjustment provided under § 3D1.4 of the Guidelines, the Probation Officer determined Petitioner's total offense level to be 33. *Id*. ¶¶ **43-52.** Petitioner's offense level combined with a criminal

history category of VI resulted in a Guidelines range of 235-293 months' imprisonment. *Id.* ¶¶ **72, 114.**

On September 1, 2004, Petitioner appeared with counsel for sentencing. Petitioner, through counsel, stipulated that there was a factual basis to support his guilty pleas and that the Court could accept the evidence contained in the presentence report as establishing such a factual basis, with the exception being his objection to the six point firearm enhancement. **Transcript of September 1, 2004, Sentencing Hearing, filed December 9, 2004, at 2-4.** Petitioner also waived any right to a jury trial on the sentencing enhancements. *Id.* **at 2.** Thereafter, the Government presented evidence regarding Petitioner's use of a firearm during the Tennessee bank robbery in the form of surveillance photographs and testimony from the victim bank teller and an FBI agent. *Id.* **at 4-28.** Petitioner testified on his own behalf, denying that he possessed or displayed a gun during the Tennessee bank robbery. *Id.* **at 28-29.** After hearing the evidence, the undersigned overruled the Petitioner's objection and concluded that he both possessed and displayed a firearm during the robbery. *Id.* **at 36-38**. Petitioner was sentenced to a term of 293 months' imprisonment on the Tennessee robbery (Criminal

No. 1:04CR18), and 240 months imprisonment on each of the North Carolina bank robberies (Criminal Nos. 1:03CR88 and 89), all terms to be served concurrently.  **Id. at 41; Judgment in a Criminal Case, filed September 15, 2004**.

Petitioner timely filed a notice of appeal on September 10, 2004, raising the single issue that his sentence violated the Sixth Amendment pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  **United States v. Shull, 170 F. App'x 292 (4th Cir. 2006)**.  The Government agreed with the Petitioner and the Fourth Circuit granted the parties' joint motion to remand.  **Id. at 293.**  On remand, the Fourth Circuit directed that this Court

> should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  The court should consider this sentencing range along with the other factors described in [18 U.S.C. § 3553(a)], and then impose a sentence.  If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  The sentence must be "within the statutorily prescribed range and . . . reasonable."

*Id*. (quoting *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)) (other citations omitted).[1]

Pursuant to the Circuit's remand, Petitioner appeared with counsel for a resentencing hearing on May 22, 2006. No new evidence was presented (other than arguments of respective counsel) and the Court again found by a preponderance of the evidence that the Petitioner had displayed and pointed a weapon at the bank teller during the Tennessee robbery and that the six point enhancement should be applied pursuant to Guideline § 2B3.1(b)(2)(B). **Transcript of May 22, 2006, Sentencing Hearing, filed July 26, 2006, at 6-7.** The Court reimposed the original sentence pursuant to the findings contained in the presentence report, the case law as contained in *Booker* and *Hughes*, and the factors noted in 18 U.S.C. § 3553(a). *Id.* at 7-8, 14; *see also*, **Amended Judgment in a Criminal Case, filed June 12, 2006.**

Petitioner filed a second appeal, again challenging the reasonableness of his 293 month sentence and alleging the Court determined the Guideline sentencing range based on facts not found by a

---

[1] The Fourth Circuit further noted that, "'[w]e offer no criticism of the district court judge, who followed the law and procedure in effect at the time of sentencing.'" *Id*. at 293 n.* (quoting *Hughes*, 401 F.3d at 545 n.4).

jury in violation of the Sixth Amendment. **United States v. Shull, 232 F. App'x 367 (4ᵗʰ Cir.), cert. denied, 128 S. Ct. 632 (2007)**. Petitioner also argued that the sentence was unreasonable because the Court failed to explain how a sentence outside the advisory range served the purposes of 18 U.S.C. § 3553(a). **Id. at 368, n.\*.** The Fourth Circuit affirmed the Petitioner's sentence and the Supreme Court denied the Petitioner's petition for a writ of *certiorari* on November 13, 2007. **Shull, 128 S. Ct. 632.** Petitioner timely filed his § 2255 motion on April 8, 2008. The Government has filed response to the Petitioner's motion and moves for summary judgment on all his claims. **Government's Answer in Opposition to Petitioner's Motion to Vacate, filed August 20, 2008; Government's Motion for Summary Judgment, filed August 20, 2008.** In response to the Court's *Roseboro*² Order issued August 21, 2008, the Petitioner filed response to the Government's motion on October 23, 2008.

### III. ANALYSIS

Petitioner contends that: (1) the 293-month sentence imposed by the Court at Petitioner's resentencing was unreasonable pursuant to *Booker*;

---

² **Roseboro v. Garrison, 528 F.2d 309 (4ᵗʰ Cir. 1975).**

(2) the Court failed to explain how a variance sentence served the purposes of 18 U.S.C. § 3553(a); (3) that his counsel was ineffective for waiving his rights pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004), at his initial sentencing on September 1, 2004; and (4) the Court failed to inquire directly of Petitioner at his sentencing hearing on September 1, 2004, concerning his waiver of rights pursuant to *Blakely*.

Petitioner's first two claims, that is, the 293 month sentence imposed by the Court at Petitioner's resentencing was unreasonable pursuant to *Booker* and the Court failed to explain how a variance sentence served the purposes of 18 U.S.C. § 3553(a), were presented to the Fourth Circuit in Petitioner's second appeal. The Government correctly argues that these claims are procedurally barred.

After Petitioner's resentencing, the Fourth Circuit held that this Court

> found by a preponderance of the evidence presented at the sentencing hearing that [Petitioner] had displayed and pointed a pistol at a bank teller. Accordingly, he had "otherwise used" a firearm during the Tennessee robbery, warranting the six-level enhancement. It is established that the district court's use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. [Petitioner's] sentence falls within the applicable statutory maximum and the properly calculated advisory guideline range. Further, the district court considered the factors set forth at 18 U.S.C. § 3553(a) when imposing sentence. We conclude that the sentence is reasonable.

***Shull*, 232 F.3d at 368 (citations omitted).** The appellate court also determined that "[b]ecause the sentence is not above the advisory guideline range but was instead correctly determined, we reject Shull's claim that the sentence is unreasonable because the district court did not state how a sentence above the advisory range serves the purposes of 18 U.S.C.A. § 3553(a)." ***Id.* at 368 n.\*.**

Under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. ***Davis v. United States*, 417 U.S. 333, 342 (1974); *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).** Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate these claims in this proceeding, they are procedurally barred.

Next, Petitioner contends that his counsel was ineffective because he waived Petitioner's *Blakely* rights at his initial sentencing on September 1, 2004, without asking Petitioner's permission to waive such rights or without explaining to him what rights *Blakely* afforded him. Petitioner contends that "the government and my appointed attorney knew all the implications

of *Blakely* and that they were going to enhance my sentence wrongly and they tried to underhandedly take my rights away." **Petitioner's Motion,** *supra***, at 10.** When Petitioner inquired of his counsel about what he waived, Petitioner's counsel told him that Petitioner agreed to plead guilty and, therefore, there would be no jury trial. *Id.* However, Petitioner contends that his counsel did not inform him that he was entitled to have a jury hear and decide the issue involving the gun enhancement. *Id.* Finally, Petitioner argues that the Court failed to inquire directly of Petitioner at his sentencing hearing on September 1, 2004, concerning his waiver of rights pursuant to *Blakely*.[3]

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. **Strickland v. Washington, 466 U.S. 668, 687-91 (1984)**. In making this determination,

---

[3] Petitioner has not cited to any law which requires that a court must directly inquire of a defendant regarding his waiver of rights pursuant to *Blakely*, nor is this Court aware of such a requirement. Petitioner's counsel represented to the Court, in Petitioner's presence and without his objection, that Petitioner "waives[s] any right to a jury trial on any of those issues." **Transcript of Sentencing Hearing held September 1, 2004,** *supra***, at 2.**

there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992)**. In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Fields*, 956 F.2d at 1297 (quoting *Hill v. Lockart*, 474 U.S. 52, 59 (1985)) (internal citations and quotations omitted).**

In Petitioner's first appeal of his sentence and conviction, he argued that his sentence violated *Booker*. Granting the parties' joint motion to remand, the Fourth Circuit specifically concluded that a Sixth Amendment error had occurred, vacated the sentence, and remanded the case for resentencing. Therefore, any possible prejudice suffered by Petitioner from counsel's *Blakely* waiver at the original sentencing was cured by the resentencing. Furthermore, Petitioner's September 1, 2004, sentencing is no longer at issue.

In response to Fourth Circuit's remand, the Court resentenced Petitioner on May 22, 2006, imposing the original concurrent sentences after consideration of the presentence report, the applicable guideline

range of imprisonment, and the factors outlined in 18 U.S.C. § 3553(a). **Amended Judgment in a Criminal Case,** *supra*. Again, Petitioner appealed his sentence, challenging the six-level firearm enhancement. His challenge was rejected by the Fourth Circuit, which held that Petitioner's 293-month sentence was reasonable and "the district court's use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment." ***Shull*, 232 F. App'x at 368.**

In light of the Fourth Circuit's decision, Petitioner has failed to demonstrate prejudice as required by *Strickland*. Consequently, his ineffective assistance of counsel claim must fail.

# IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion for summary judgment is **ALLOWED**, and the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** This action will be dismissed by way of the Judgment filed herewith.

14

Signed: February 19, 2009

Lacy H. Thornburg
United States District Judge