THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00018-MR-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JONATHAN LEE SHULL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Request or Motion for Compassionate Release" [Doc. 49].

**I.   BACKGROUND**

The Defendant Jonathan Lee Shull robbed two banks in North Carolina and subsequently entered into a plea agreement pursuant to which he pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The Defendant was also charged in an information with an armed robbery of a bank in Tennessee, in violation of 18 U.S.C. § 2113(d). The Tennessee case was transferred to this Court, and the cases were consolidated for sentencing. In September 2004, the Defendant was sentenced to a total of 293 months' imprisonment. [Doc. 14]. The Defendant is currently

incarcerated at USP Thomson, and his projected release date is September 10, 2026.[1]

On July 30, 2021, the Defendant filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 49].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2] The Defendant has the burden

---

[1] See https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2021).

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before

2

of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile. See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant fails to state in his motion that he has exhausted his administrative remedies at BOP or that 30 days have passed since making a request for compassionate release. The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Defendant has not carried his burden of showing that he complied with the requirements of the statute, and thus the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

---

filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Request or Motion for Compassionate Release" [Doc. 49] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: August 4, 2021

Martin Reidinger
Chief United States District Judge