# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00018-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JONATHAN LEE SHULL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Request/Appeal for Compassionate Release under Section 3582(c)(1)(A) as Amended by the First Step Act" [Doc. 52] and the Government's Response in Opposition to Defendant's Second Motion for Compassionate Release [Doc. 53].

## I. BACKGROUND

The Defendant Jonathan Lee Shull robbed two banks in North Carolina and subsequently entered into a written plea agreement pursuant to which he pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). [See Doc. 6]. The Defendant was also charged in an information with an armed bank robbery in Tennessee, in violation of 18 U.S.C. § 2113(d). The Tennessee case was transferred to this Court, and the cases

were consolidated for sentencing.  In September 2004, the Defendant was sentenced to a total of 293 months' imprisonment. [Doc. 14].

The Defendant is currently housed at USP Coleman II, with a projected release date of September 10, 2026.[1]

The Defendant now seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. 52].  For grounds, the Defendant cites his increased susceptibility to serious illness or death from COVID-19 as a result of his history of asthma.  [Id.].  The Defendant further seeks a reduction in his sentence on the grounds that (1) his sentence was improperly enhanced for possessing a firearm during one of the robberies and (2) his counsel was ineffective at sentencing.  [Id.].

The Court ordered the Government to respond to the Defendant's motion.  [Text-Only Order entered Aug. 31, 2021].  The Government filed its Response on September 27, 2021.  [Doc. 53].  The Court set a deadline for the Defendant to file a Reply  [Text-Only Order entered Sep. 27, 2021].  On October 8, 2021, the Court received a letter from the Defendant, stating that he had never received the Government's Response.  [Doc. 54].  Thereafter,

---

[1] See https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2022).

the Court sent another copy of the Government's Response to the Defendant and gave him an additional thirty (30) days to file a Reply. [See Text-Only Order entered Oct. 13, 2021]. That Order, however, was returned as undeliverable. [See Doc. 55]. On November 29, 2021, the Court received another letter from the Defendant, advising that he had been transferred to a different facility, which resulted in a significant disruption of his receipt of mail. [Doc. 56]. In light of these circumstances, the Court *sua sponte* granted the Defendant another thirty (30) days to file a Reply. [Text-Only Order entered Nov. 30, 2021]. To date, the Court has not received a Reply from the Defendant.

## II.    DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has

3

exhausted the necessary administrative remedies. [Doc. 53 at 2]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for

4

compassionate release.  In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence.  See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)").  Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise."  Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).  Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants."  Id. at 282 n.7.

Here, the Defendant argues that he has severe asthma, and that this condition places him at a significant risk of serious illness or death from COVID-19.  While this condition is undoubtedly serious, the Defendant does not assert in his motion that this condition is uncontrolled or that it substantially diminishes his ability to provide self-care while incarcerated. With respect to the risks posed by the coronavirus, the BOP medical records indicate that the Defendant has been fully vaccinated against the

coronavirus.  [See Doc. 53-1].  According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines reduce the risk of serious illness or death among people who are fully vaccinated.[2]  While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests.  See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also United States v. Lemons, 15 F. 4th 747, 751 (6th Cir. Oct. 8, 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19.").

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 12, 2022).

6

Because the Defendant is vaccinated and thus generally protected from the most serious harms related to COVID-19, the Defendant's chronic health condition does not constitute an extraordinary and compelling to justify his early release.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce a defendant's sentence in the exercise of its discretion. See United States v. Jenkins, -- F. 4th --, 2021 WL 6130105, at *5 (4th Cir. Dec. 29, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, evaluation of the § 3553(a) factors weigh in favor of the Defendant's continued incarceration. The Defendant's crimes of conviction were violent and extremely serious. He robbed three banks and each time threatened the tellers with death. [Doc. 46: PSR at 4-5]. During the first robbery he placed a fake explosive device that he created on the counter and told the teller that it was a bomb. [Id. at 4]. He used the $3,000 he stole to purchase crack cocaine and the services of three escorts. [Id.]. During both the second and third bank robberies he threatened to shoot the tellers with a pistol that he brandished. [Id. at 4-5].

7

After the third robbery he was arrested in Sevierville, Tennessee after wrecking his vehicle following a police chase. [Id. at 5].

The Defendant also has a significant and violent criminal history. Although he was only 21 years old at the time of sentencing, the Defendant already had accumulated 26 criminal history points. [Id. at 16]. He was convicted of voluntary manslaughter at the age of 16 for strangling a 72-year-old woman to death in her own home. [Id. at 12]. He stole a pick-up truck at the age of 17. [Id. at 13]. He escaped from a local jail while serving a sentence for a probation violation. [Id.]. He also was convicted of two larcenies, a breaking and entering, a felony hit-and-run, and evading arrest (for the car chase with police following the last two bank robberies). [Id. at 14-16].

The Defendant has been in prison for almost all of his adult life. He has virtually no employment history, although he did complete his GED while in state prison. [Id. at 22-23]. The Defendant has a significant history of substance abuse. [Id. at 22]. Additionally, his conduct while incarcerated at the Bureau of Prisons likewise demonstrates that he remains a danger to the community. His disciplinary record from BOP is approximately 25 pages long and is replete with instances of drug and alcohol abuse and violence. [See

Doc. 53-2].  He has been disciplined approximately ten times for incidents related to drugs and alcohol, including at least one attempt to smuggle drugs into the prison.  [Id.].  He has been caught with a razor blade, dangerous weapon, or other dangerous tool approximately five times.  [Id.].  Further, he has assaulted other inmates approximately twenty times, twice inflicting serious injury.  [Id.].  He also started fires in the prison on at least two occasions.  [Id.].

Based on the foregoing, the Court concludes that the history and characteristics of the Defendant demonstrate that his continued incarceration remains necessary to protect the public.

The Defendant further seeks a reduction in his sentence on the grounds that (1) his sentence was improperly enhanced for possessing a firearm during one of the robberies and (2) his counsel was ineffective at sentencing.  These arguments are not proper grounds for a motion for compassionate release.  "The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or

collateral review." <u>United States v. Ferguson</u>, No. 3:04CR13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021). The Defendant's arguments regarding the enhancement of his sentence and counsel's ineffectiveness at sentencing are arguments that could have been raised on direct appeal and/or collateral review. Accordingly, the Court will not address such arguments here.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Request/Appeal for Compassionate Release under Section 3582(c)(1)(A) as Amended by the First Step Act" [Doc. 52] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge

10