THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00018-MR-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| JONATHAN LEE SHULL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as an inquiry regarding his eligibility for compassionate release [Doc. 58].

In his letter, the Defendant states that he has "all kinds of extraordinary and compelling reasons" to seek compassionate release but that he has "no clue how to file them."[1] [Doc. 58 at 1]. He further states that he has attempted to contact the Federal Defenders about such a motion but has not received any reply. [Id.].

---

[1] The Court notes that, although the Defendant claims to not know how to file a motion for compassionate release, he filed a compassionate release motion in August 2021, which was ultimately denied. [Docs. 52, 57].

To the extent that the Defendant's letter could be construed as a request for the appointment of counsel, his request is denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). If the Defendant wishes to seek a compassionate release, he must do so by filing a motion setting out a specific claim for relief. However, the Defendant is cautioned that, in the future, he must seek relief from the Court by way of a motion. Letters and other miscellaneous documents will not receive a response.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as an inquiry regarding his eligibility for compassionate release [Doc. 58], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 19, 2023

Martin Reidinger
Chief United States District Judge